FILED
9/26/2016 8:17:28 PM
Donna G. Brow
District Cler
Liberty County, T;
KARLA GALVAN

CAUSE NO. CV1611219

| | | |
|---|---|---|
| SHERRY LYNN JOHNSTON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| David Dexel, individually and | § | |
| as Guardian of the person of | § | |
| Willie Jo Mills, Deceased; Ginger | § | |
| Lott, individually and as Guardian | § | |
| of the Person of Willie Jo Mills, | § | |
| Deceased, and as Member of GSL | § | |
| Care Management, LLC; GSL Care | § | |
| Management, LLC; Clarinda | § | |
| Comstock, individually and | § | |
| as Guardian ad Litem for | § | |
| Willie Jo Mills, Deceased; | § | LIBERTY COUNTY, TEXAS |
| Howard Reiner, individually and | § | |
| as Attorney ad Litem for Willie Jo | § | |
| Mills, Deceased; Tamorah C. | § | |
| Butts, a/k/a Christine Butts, in | § | |
| her official capacity as statutory | § | |
| probate judge of Probate Court | § | |
| No. 4 of Harris County, Texas, | § | |
| and in her individual capacity, | § | |
| and Sherrie Fox, in her | § | |
| individual and employee capacity | § | |
| for Harris County, Texas, and | § | |
| Harris County, Texas | § | 253RD JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, SHERRY LYNN JOHNSTON, as a surviving daughter and heir of WILLIE JO MILLS, DECEASED and files this Original Petition against Defendants David Dexel, individually and as Guardian of the person of Willie Jo Mills, Deceased; Ginger S. Lott, individually and as

Page -1-

EXHIBIT B

Guardian of the Person of Willie Jo Mills, Deceased, and as a Member of GSL Care Management, LLC; GSL Care Management, LLC, a Texas Limited Liability Company; Clarinda Comstock, individually and as Guardian ad Litem for Willie Jo Mills, Deceased, in her individual and appointed capacity; Howard Reiner, individually and as Attorney ad Litem for Willie Jo Mills, Deceased; Tamorah C. Butts, a/k/a Christine Butts, in her official capacity as statutory probate Judge of Probate Court No. 4 of of Harris County, Texas, and in her individual capacity; Sherrie Fox, in her individual and employee capacity for Harris County, Texas; and Harris County, Texas, a governmental unit, and would respectfully show this Honorable Court as follows:

### A. Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### B. Relief

2. Plaintiff seeks monetary relief over $1,000,000 from all defendants, jointly and severally.

## C. Parties

3. Plaintiff, Sherry Johnston (hereinafter "Sherry"), brings this suit as a surviving heir and daughter of Willie Jo Mills (hereinafter "Willie Jo"), decedent. Plaintiff resides in Liberty County, Texas, and decedent, Willie Jo, died in Montgomery County, Texas.

4. Defendants are:

   a. Defendant, David Dexel, individually and as Guardian of the person of Willie Jo Mills, Deceased (hereinafter "Dexel"), who may be served at 2419 Yupon Street, Houston, Texas 77006-2515, Harris County, Texas, 77006 or wherever he may be found;

   b. Defendant, Ginger S. Lott, individually and as Guardian of the Person of Willie Jo Mills, Deceased and as Member of GSL Care Management, LLC (hereinafter "Lott" or GSL") who may be served at 9935 Tulip Street, Conroe, Texas 77385-7603 or wherever she may be found;

   c. Defendant, GSL Care Management, LLC, a Texas Limited Liability Company, (hereinafter "GSL") by serving its Registered Agent and Member, Ginger S. Lott at 9935 Tulip Street, Conroe, Texas 77385-7603 or wherever she may be found;

   d. Defendant, Clarinda Comstock, Guardian ad Litem for Willie Jo Mills, Deceased (hereinafter "Comstock") who may be served at 1 Riverway, Suite 2300, Houston, Texas 77056,-1692, or wherever she may be found;

   e. Defendant, Howard Reiner, Attorney ad Litem for Willie Jo Mills, Deceased (hereinafter "Reiner") who may be served at 3410 Mercer St., Houston, Texas 77019, or wherever he may be found;

f.  Defendant, Tamorah C. Butts, a/k/a Christine Butts, in her official capacity as statutory probate Judge of Probate Court No. 4 of Harris County, Texas, and in her individual capacity (hereinafter "Butts"), who may be served at 201 Caroline St., Houston Texas, 77002, or wherever she may be found;

g.  Defendant, Sherrie Fox, in her individual and employee capacity for Harris County, Texas (hereinafter "Fox") who may be served at 201 Caroline St., Houston Texas, 77002, or wherever she may be found;
and

h.  Defendant, Harris County, Texas, a county in Texas (hereinafter "Harris County"), which may be served with process by serving the county judge, Honorable Ed Emmett, at 1001 Preston, 9th Floor, under the authority of Texas Civil Practice & Remedies Code section 17.024(a).

## D. Venue

5.  Venue is mandatory in Liberty County, Texas under Texas Civil Practice & Remedies Code §15.017 because this suit involves libel, slander, invasion of privacy of the plaintiff and this is the county where plaintiff resided when this claim accrued.

## E. Facts and Background

6.  Willie Jo Mills was put into guardianship in Harris County Probate Court No. 4; Cause No. 380,624, hereafter "guardianship"). From January 1, 2011, Christine Butts (Tamorah C. Butts, a/k/a Christine Butts) presided over the guardianship case.

7. The following defendants were appointed in the guardianship **to act on behalf of Willie Jo Mills, in her best interest, and for Willie Jo Mills' benefit** - not for the benefit/ protection of the appointees or the judge:

   a. Defendant, David Dexel, was appointed Temporary Guardian of the Person and Estate of Willie Jo Mills, and was later appointed Permanent Guardian of Willie Jo Mills, with all the attendant duties and obligations under both federal and state statutes that appointment entailed, after all of Willie Jo Mills' assets were placed into a Probate Code §867 Trust.

   b. After a secret, *ex parte*, non-noticed hearing, [Defendant] Christine Butts appointed [Defendant] Ginger S. Lott, the Successor Permanent Guardian of the Person of Willie Jo Mills, with all the attendant duties and obligations under both federal and state statutes that appointment entailed;

   c. [Defendant] Christine Butts appointed [Defendant] Clarinda Comstock, was appointed Guardian ad Litem for Willie Jo Mills, with all the attendant duties and obligations under both federal and state statutes that appointment entailed; and

   d. [Defendant] Christine Butts appointed [Defendant] Howard Reiner, to serve Willie Jo Mills as her Attorney ad Litem, with all the attendant duties and obligations under both federal and state statutes that appointment entailed.

8. Defendant, Sherrie Fox, as trial coordinator for Harris County Probate Court No. 4, in her individual and employee capacity as an employee of Harris County, Texas, worked for Butts and under her direct control.

9. Despite plaintiff's [prior] counsel's pleading with defendant Butts to take action via her multiple applications for emergency temporary restraining orders and injunctions, defendant Butts refused.

10. Defendant Fox, on behalf of defendant Butts communicated to prior counsel that the court would not schedule any hearings on the emergency motions – that the judge determined that no emergency existed.

11. No appointee – not defendant Lott (who had replaced Dexel in the secret, *ex parte*, non-noticed hearing for her appointment); not defendant Comstock, Mills Guardian ad Litem charged with acting in Willie Jo's best interest; not defendant Reiner, Willie Jo's Attorney ad Litem, under a duty to carry out Willie Jo's wishes – none of them took action to protect Willie Jo Mills. All of the defendants allowed food and water to be withheld from Willie Jo Mills.

12. As a result, on September 27, 2014, due to food and water being withheld, Willie Jo Mills died of starvation, looking as if she had been in a Nazi death camp.

13. All defendants participated in starving Willie Jo down to 80 pounds as she suffered multiple organ failure and went blind a few days before she died, while being given only a spoonful at a time of thickened water. Willie Jo's death was the direct result of all defendants' negligence, gross

negligence, acts, omissions, concealment of bad acts and omissions; and conspiracy to protect each other.

### F. Violations of Statutes and Causes of Action

14. Defendant Christine Butts and her appointees, defendants Dexel, Lott, Comstock, and Reiner, and Fox and Harris County by its employee, Fox, violated Willie Jo Mills' rights, and plaintiff's rights, causing the death of Willie Jo Mills and the damages to plaintiff as set out herein, including and not limited to the following-listed federal and state statutes:

   a. Violated Title 42 U.S.C. §1983, Fourteenth Amendment, in the lack of equal protection and lack of due process for Willie Jo Mills;

   b. Violated Title 2, 42 U.S.C. §12101, *et seq.*, American with Disabilities Act, violating Willie Jo Mills' rights by perpetrating associational discrimination; disability discrimination; retaliation; and coercion;

   c. Violated Willie Jo Mills' rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794;

   d. Violated the Texas Human Resource Code, *et seq.*, including Title 6, Chapter 102, *et seq.*

   e. Violations of the Texas Health and Safety Code, *et seq.*

### F-1. Violation of Estates Code §1201.003

15. Christine Butts had a duty pursuant to the Estates Code §1201.003 to use reasonable diligence in the performance of her duty under that

subchapter. Butts' violations of her duty under Estates Code §1201.003 also violated the federal regulations set forth above. In the end, Willie Jo Mills died as a result of the negligence, and gross negligence of Butts, Dexel, Lott, Comstock, Reiner, Fox, and Harris County.

16. The Estates Code §1201.003 imposes tort liability for Butts' acts and omissions..

17. Defendant Butts' breach of the duty imposed by the statute, allowing defendants Lott, et al, to cause Willie Jo's death, proximately caused injury to plaintiff.

### F-2. Survival Cause of Action

18. Plaintiff brings this survival action as an heir of decedent, Willie Jo Mills; no estate administration is pending; the estate has no debts, and distribution of estate property has been resolved, making further administration of the estate unnecessary.

19. Before dying, decedent had a causes of action for negligence, gross negligence, violations of both federal and state statutes as set out above; medical battery/assault, which could have been brought by decedent against defendants named above, but for decedent's death.

20. On September 27, 2014, Willie Jo Mills died due to the injuries as a result of the wrongful conduct of defendants named above, including

negligence, and gross negligence, and acts and/or failures to act of all defendants named above, all of whom conspired with each other to protect each other and conceal the physical, emotional, and medical abuse visited on Willie Jo Mills by Lott.

### F-3. Wrongful Death Act Cause of Action

21. In addition to other counts, before dying, decedent had a cause of action for violations of the federal and state statutes identified above and defendants are liable to plaintiff under the Wrongful Death Act.

### F-4. Infliction of Emotional Distress

22. The conduct of all defendants as described above was reckless.

23. The conduct of all defendants as described above was extreme and outrageous.

24. The conduct of all defendants as described above proximately caused severe emotional distress to plaintiff.

25. Plaintiff's severe emotional distress cannot be remedied by any other cause of action.

### F-5. Defamation

26. In an effort to conceal her abuse of Willie Jo from plaintiff and to prevent plaintiff's access to Willie Jo, defendant Lott published statements by oral communication that plaintiff was abusing Willie Jo; that plaintiff

was a troublemaker; and would cause problems at the residences Lott place Willie Jo.

27. Defendant's statement involved a matter of private concern.

28. Defendant's statement referred to plaintiff by name.

29. Defendant's statement was defamatory because it caused third parties to view plaintiff with suspicion and to take adverse action based on the false defamatory statements.

30. Defendant Lott's statements:

   a. injured plaintiff's reputation and exposed plaintiff to public hatred, contempt, ridicule, or financial injury.

   b. impeached plaintiff's honesty, integrity, virtue, or reputation;

   c. exposed plaintiff to public hatred, ridicule, or financial injury.

31. Defendant Lott's statements were defamatory per se under the common law.

   a. falsely charged plaintiff with a crime.

32. Defendant Lott's statement was false because plaintiff's conduct was necessary to protect Willie Jo from Defendants Lott, et al, and Butts, although plaintiff was unsuccessful and could not prevent Willie Jo's death.

33. Defendants are all jointly and severally strictly liable to plaintiff for the defamation in that all defendants acted jointly to protect each other

from claims by plaintiff, taking advantage of defendant Lott's defamatory statements.

34. Defendant Lott's false statement directly and proximately caused injury to plaintiff, which resulted in general damages

35. Defendant Lott's false statement was defamatory per se, which entitles plaintiff to a presumption of general damages.

36. Defendant Lott's false statement directly and proximately caused injury to plaintiff, which resulted in special damages.

### F-6. Participatory Liability Assisting or Encouraging

37. Defendants Dexel, Lott, Comstock, Reiner, Fox, and Harris County knew that defendant Butts' conduct constituted a tort or wrongful act against plaintiff when she violated the Estates Code by failing to use reasonable diligence in the performance of her duty.

38. With the intent to assist defendant Butts, and to protect her in the wrongful acts, defendants Dexel, Lott, Comstock, Reiner, Fox, and Harris County substantially assisted/encouraged defendant Butts by failing to fulfill their own duties to Willie Jo Mills.

39. The assistance/encouragement of defendants Dexel, Lott, Comstock, Reiner, Fox, and Harris County was a substantial factor in causing the tort and the death of Willie Jo.

### F-7. Participatory Liability Assisting or Encouraging

40. Defendants Butts, in combination with defendants Dexel, Lott, Comstock, Reiner, Fox, and Harris County agreed to

    a. conceal the acts and omissions of each other from discovery by plaintiff and/or law enforcement;

    b. maintain a guardianship instituted under a presumably lawful statute by fraud, deception, and unlawful acts against plaintiff and plaintiff's decedent, Willie Jo Mills.

41. Defendants all acted with intent to harm plaintiff and with such conscious indifference and gross negligence toward Willie Jo Mills as to render their acts intentionally harmful to Willie Jo Mills.

42. To accomplish the object of their agreement, at least on September 17, 2012, defendant Butts convened a secret, *ex parte*, non-noticed hearing in which she allowed defendant Dexel to resign to protect him from plaintiff's claims, then surreptitiously appointed defendant Lott in Dexel's place.

43. Thereafter, during the course of the guardianship, in order to protect each other, the remaining defendants took unlawful action against plaintiff and plaintiff's decedent, violating the federal and state statutes listed *supra*, and culminating in the death of Willie Jo Mills.

## G. Exemplary Damages

44. Plaintiff's injury resulted from the malice of all defendants, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

45. Plaintiff seeks damages within the jurisdictional limits of this Court.

## H. Prayer

46. WHEREFORE, SHERRY JOHNSTON prays the Court issue citation for all defendants David Dexel, individually and as Guardian of the person of Willie Jo Mills, Deceased; Ginger S. Lott, individually and as Guardian of the Person of Willie Jo Mills, Deceased, and as a Member of GSL Care Management, LLC; GSL Care Management, LLC, a Texas Limited Liability Company; Clarinda Comstock, individually and as Guardian ad Litem for Willie Jo Mills, Deceased, in her individual and appointed capacity; Howard Reiner, individually and as Attorney ad Litem for Willie Jo Mills, Deceased; Tamorah C. Butts, a/k/a Christine Butts, in her official capacity as statutory probate Judge of Probate Court No. 4 of of Harris County, Texas, and in her individual capacity; Sherrie Fox, in her individual and employee capacity for Harris County, Texas; and Harris County, Texas, a governmental unit, to appear and answer, and that plaintiff be awarded a judgment against all defendant , jointly and severally, for the following:

a. Actual damages.

b. Exemplary damages.

c. Prejudgment and post-judgment interest.

d. Court costs.

e. Attorney fees.

g. All other relief to which plaintiff may show herself entitled.

Respectfully submitted,

/S/ *Susan C. Norman*
Susan C. Norman
Texas Bar No. 15083020
Law Offices of Susan C. Norman
P. O. Box 52518
Houston, Texas 77052
713-882-2066 Voice
281-402-3682 Facsimile
SueNorman@SueNormanLaw.com
Attorney for Sherry Johnston

# LIBERTY COUNTY, TEXAS STANDING ORDER
## REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES

**NO PARTY TO THIS LAWSUIT HAS REQUESTED THIS ORDER.** Rather, this order is a standing order of the Liberty County District Courts and County Court at Law that applies in every divorce suit and every suit affecting the parent-child relationship filed in Liberty County, Texas. The District Courts and County Court at Law have adopted this order because the parties and their children should be protected and their property preserved while the lawsuit is pending before any such Court.

It is therefore ORDERED:

1. ## NO DISRUPTION OF CHILDREN

Both parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this case:

 1.1 Removing the children from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.
 1.2 Disrupting or withdrawing the children from school or day-care facility where the children are presently enrolled, without written agreement of both parents or an order of this Court.
 1.3 Hiding or secreting the children from the other parent or changing the children's current place of abode, without written agreement of both parents or an order of this Court.
 1.4 Disturbing the peace of the children.

"Children" shall mean all children who are the subject of this suit or the child should the parties have only one child.

2. ## CONDUCT OF THE PARTIES DURING THE CASE

Both Parties are ORDERED to refrain from doing the following acts:

2.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing.

2.2 Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

2.3 Placing one or more telephone calls, at an unreasonable hour, in an offensive or repetitious manner, without legitimate purpose of communication, or anonymously.

2.4 Opening or diverting mail addressed to the other party.

3. PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE

If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following:

3.1 Destroying, removing, encumbering, transferring, or otherwise harming or reducing the value of property of one or both of the parties.

3.2 Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount or location of any property of one or both parties.

3.3 Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

3.4 Tampering with the tangible property of one or both parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

3.5 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real estate, and whether separate or community, except as specifically authorized by this order.

3.6 Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

3.7 Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

3.8 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

3.9 Withdrawing or borrowing in any manner for any purpose from any retirement, profit sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account except as specifically authorized by this order.

3.10 Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

3.11 Taking any action to terminate or limit credit or charge cards in the name of the other party.

3.12 Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

3.13 Discontinuing or reducing the withholding for federal income taxes on wages or salary while this suit is pending.

3.14 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

4. <u>PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE</u>

If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

4.1 Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations.

4.2 Falsifying any writing or record relating to the property of either party.
4.3 "Records" include e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette, or other electronic storage device.

## 5. INSURANCE IN DIVORCE CASE

If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

5.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.
5.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.
5.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property of persons including the parties' minor children.

## 6. SPECIFIC AUTHORIZATION IN DIVORCE CASE

If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

6.1 To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation.
6.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.
6.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.
6.4 To make withdrawals from accounts and financial institutions only for the purposes authorized by this order.

7. SERVICE AND APPLICATION OF THIS ORDER

   7.1 The petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time the petition is filed, if the petitioner failed to attach a copy of this order to the petition and any copy of the petition, the clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

   7.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for 14 days from the date of the filing of the original petition. If no party contests this order by presenting evidence at a hearing to be conducted on or before 14 days from the date of the filing of the original petition, this order shall continue in force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order, and the final order shall supercede this order in all respects.

8. EFFECT OF OTHER COURT ORDERS

If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions will prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final order.

9. PARTIES ENCOURAGED TO MEDIATE

The parties are encouraged to settle their disputes amicably without court intervention. The parities are encouraged to use alternative dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit.

THIS LIBERTY COUNTY, TEXAS STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES SHALL BECOME EFFECTIVE ON December 1, 2014, AND SHALL APPLY TO ALL SUITS FILED ON AND AFTER SUCH DATE.

_____
Judge Chap B. Cain, III
253rd District Court

_____
Judge Mark Morefield
75th District Court

_____
Judge Thomas Chambers
County Court at Law