IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY LYNN JOHNSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3215 |
| | § | |
| DAVID DEXEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION UNDER RULE 54(b) TO CERTIFY**
**MEMORANDUM AND OPINION**

Clarinda Comstock has moved under Federal Rule of Civil Procedure 54(b) to certify the court's May 2018 ruling granting her motion to dismiss. (Docket Entry No. 76). Johnston opposes the motion, but she has not responded. The court denies the motion, for the reasons set out below.

In her complaint, Johnston asserted a laundry list of claims against Comstock and other defendants. (Docket Entry No. 10). Comstock moved to dismiss. (Docket Entry No. 20). The court granted that motion in August 2017, dismissing the 42 U.S.C. § 1983 claims with prejudice and the other claims without prejudice. (Docket Entry No. 32). Johnston amended her complaint, (Docket Entry No. 38), and Comstock again moved to dismiss, (Docket Entry No. 45). In May 2018, the court granted Comstock's second motion to dismiss, dismissing the state-law claims against her because she had immunity under the Texas Estates Code, § 1054.056. (Docket Entry No. 67). Claims remain against two other defendants, Judge Butts and David Dexel. (*Id.*).

Federal Rule of Civil Procedure 54(b) provides:

When an action presents more than one claim for relief—whether as a claim,

1

> counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

A district court must make two determinations in deciding to certify a judgment under Rule 54(b). *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)). First, the court must find that "it is dealing with a final judgment," meaning that "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Curtiss*, 446 U.S. at 7). Second, the court must find no "just reason for delay," considering the "judicial administrative interests as well as the equities involved." *Curtiss*, 446 U.S. at 8. Because of the interest in avoiding "piecemeal appeals," the district court must consider whether an "appellate court would have to decide the same issues more than once if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss*, 446 U.S. at 8).

"Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal.'" *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss*, 446 U.S. at 8). A district court's certification will be disturbed only if "clearly unreasonable." *Id.* (quoting *Curtiss*, 446 U.S. at 10).

Comstock asks the court to certify the May 2018 memorandum and opinion dismissing the state-law claims against her as final and appealable because her claims are separable and she "has already incurred considerable expense" defending the case. (Docket Entry No. 76 at 6). One part of the court's memorandum and opinion found that Comstock had immunity from civil damages

2

arising from the recommendations or opinions she gave as a court-appointed guardian ad litem because Johnston failed to allege facts supporting a finding of willful misconduct. (Docket Entry No. 67 at 11–12). The court dismissed the state-law claims against Comstock with prejudice.

Certifying this ruling from the May 2018 memorandum and opinion does not risk piecemeal appeals because the dismissal arose from Johnston's failure to allege facts. The August 2017 memorandum and opinion dismissing the § 1983 claims against Comstock, Lott, and Dexel was based on a ruling that guardians and attorneys ad litem are not state actors for § 1983 purposes. (Docket Entry No. 32 at 11–12). Other courts have agreed that guardians and attorneys ad litem are not state actors, but the Fifth Circuit has not squarely addressed that issue. (*Id.*). Should Johnston raise the issue on appeal, Lott and Dexel should have a chance to argue it. *See Skinner v. W. T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981) ("[C]ertification should be allowed if the issues decided on . . . appeal are not likely to be raised by another party in a subsequent appeal and an early determination is not likely to prejudice that party's rights."). Comstock's argument that she will waste resources monitoring the case is unpersuasive, especially because her lead counsel also represents Judge Butts and Dexel who both still have claims pending against them.

The court denies Comstock's motion to certify the court's May 2018 memorandum and opinion. (Docket Entry No. 76).

SIGNED on October 1, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge